[No. G017906. Fourth Dist., Div. Three. May 31, 1996.]

JEFFREY H. BRODY, Plaintiff and Appellant, v.
WENDY LEE KROLL, Defendant and Respondent.

COUNSEL

Jeffrey W. Doeringer for Plaintiff and Appellant.

Michael J. Naughton for Defendant and Respondent.

OPINION

**RYLAARSDAM, J.**—A mother with primary physical custody was granted permission to move the child away from the area of father's residence. The trial court expressly refused to consider a change of custody to father, holding it was not properly before it. Father appealed. We conclude the issue of custody was properly pleaded, and was necessarily an issue to be decided in a hearing following notice of proposed change of residence under Family Code section 3024. We therefore reverse and remand.

FACTS

After Michael was born in 1988, his parents, who never married, entered into a shared custody arrangement. Subsequently, the court ordered joint

legal custody with primary physical custody to mother. The order provided Michael "shall have frequent contact with each parent."

Thereafter, the parents maintained a working coparenting relationship. Aside from more extensive periods during summer, the formal arrangement between the parents provided that Michael stay with father Tuesday and Friday nights and all day Saturday, except on those Saturdays when Michael attended Hebrew school. Actually, father saw Michael as frequently as four or five days a week.

Mother filed an order to show cause, seeking permission to leave the area with Michael. She had owned a business which had ceased operating, and she was unemployed and applying for public financial assistance. At the time of the hearing, she had accepted an offer of employment from a company in Connecticut and sought an order permitting her to move Michael there.

Father opposed the move and, in his response to mother's order to show cause marked the box indicating custody was in issue. At the hearing, he requested custody of Michael.

The court granted the relief requested by mother and modified visitation arrangements to reflect the change in circumstances. The court stated that it could not consider father's request for a change in custody because he had failed to file his own order to show cause. It ruled father had not raised the issue by merely marking a box, indicating custody was in issue, in the response to mother's order to show cause.

## DISCUSSION

(1a) Father argues the court erred when it indicated his response to the order to show cause did not raise the issue of custody. We agree.

Family Code section 3024[1] provides the court may require notice be given when the custodial parent intends to change the minor's residence. This required notice facilitates application of earlier case law which held that "in an appropriate situation, an increase in the distance between the child and the noncustodial parent will authorize an alteration in the terms of custody or visitation." (*In re Marriage of Carlson* (1991) 229 Cal.App.3d 1330, 1336, fn. 9 [280 Cal.Rptr. 840], overruled on another ground in *In re Marriage of Burgess* (1996) 13 Cal.4th 25, 37 [51 Cal.Rptr.2d 444, 913 P.2d 473].) A move by a custodial parent constitutes a significant change of

[1]All further statutory references are to the Family Code unless otherwise indicated.

circumstances which may justify a transfer of custody to the noncustodial parent. (*In re Marriage of Rosson* (1986) 178 Cal.App.3d 1094, 1101-1102 [224 Cal.Rptr. 250], overruled on another ground in *In re Marriage of Burgess*, *supra*, 13 Cal.4th at p. 38, fn. 10.)

■ Appellant properly raised the issue of custody in his response to the order to show cause. Section 213 provides, "(a) In a hearing on an order to show cause, . . . the responding party may seek affirmative relief alternative to that requested by the moving party, on the same issues raised by the moving party, by filing a responsive declaration within the time set by statute or rules of court. [¶] (b) This section applies in any of the following proceedings: [¶] . . . [¶] (3) Any other proceeding in which there is at issue the visitation, custody, or support of a child." Here, the responsive declaration showed that father opposed the move and requested custody of the minor. The pending move clearly constituted a change of circumstances sufficient to allow the court to consider a change in custody. Father's responsive petition demonstrated his desire to take primary physical custody of Michael. We therefore hold that the change in circumstances, together with father's response placed the issue of custody before the court.

■ As a practical matter, a hearing on a request for a so-called move-away order necessarily involves issues of custody and visitation. The issue is not whether the custodial parent will be permitted to move, since both the federal and California Constitutions preclude the court from prohibiting a move. (*In re Marriage of Fingert* (1990) 221 Cal.App.3d 1575, 1581 [271 Cal.Rptr. 389].) The issue before the court is: assuming the custodial parent moves, does the best interest of the child require changes be made in the existing custody or visitation arrangements? To phrase the issue any other way would assume the unrealistic possibility that a court order could result in the custodial parent moving away, leaving the child behind (presumably in the care of third parties).

Here the parties had joint physical custody. ■ "[W]hen parents *share* joint physical custody of the minor children under an existing order and in fact, and one parent seeks to relocate with the minor children . . . the custody order 'may be modified or terminated upon the petition of one or both parents or on the court's own motion if it is shown that the best interest of the child requires modification or termination of the order.' (Fam. Code, § 3087.) The trial court must determine de novo what arrangement for primary custody is in the best interest of the minor children." (*In re Marriage of Burgess*, *supra*, 13 Cal.4th at p. 40, fn. 12.)

This requirement for a de novo determination applies, even though mother had been awarded primary physical custody. The term "primary physical

custody," though frequently employed, is not found in the code. It seems to be the equivalent of "primary caretaker," as used in section 3086. The significance of the latter term is explained in Hogoboom and King, California Practice Guide: Family Law 1 (The Rutter Group 1995) paragraph 7:361, page 7-89: "Joint custody orders can complicate the administration of public assistance programs. To alleviate the problem, the court is authorized to specify one of the parents as the 'primary caretaker' . . . ."

In any event, the term "primary physical custody" may have little significance in the context of this case since the record could support a finding that the parents, commendably, had worked out not just a nominal but an actual joint custody arrangement. Under these circumstances, the court should have determined whether it was in Michael's best interest to give the mother virtual sole custody and allow her to take the child to Connecticut. This the court expressly failed to do. We therefore reverse the order and remand with instructions that the court conduct a new hearing to determine whether it is in Michael's best interest that physical custody be awarded to father. Such a hearing shall only be conducted if mediation mandated by section 3170 proves unsuccessful.

### DISPOSTION

The trial court is ordered to set the contested issue of custody for mediation and, if the parties fail to reach a mediated agreement, conduct a new hearing to determine whether a change of custody is warranted. The trial court shall allocate the costs of this appeal between the parties.

Sills, P. J., and Wallin, J., concurred.

Respondent's petition for review by the Supreme Court was denied September 4, 1996. Mosk, J., was of the opinion that the petition should be granted.